IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARKOS ESQUER,

        Petitioner,

vs.                                                  No. CV 19-00533 RB/KRS

ESTEVAN FLORES, WARDEN, and
NEW MEXICO ATTORNEY GENERAL
HECTOR BALDERAS,

        Respondents.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court *sua sponte* under Federal Rule of Civil Procedure 41(b) on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody filed by Petitioner Markos Esquer, on June 10, 2019. (Doc. 1.) The Court dismisses this case without prejudice for failure to comply with statutes and Court Orders and failure to prosecute.

Esquer filed this habeas corpus proceeding under 28 U.S.C. § 2254 on June 10, 2019. (*Id.*) Esquer did not pay the $5 filing fee or submit an application to proceed without prepayment of fees or costs pursuant to 28 U.S.C. § 1915. On June 19, 2019, the Court ordered Esquer to cure this deficiency within 30 days by either paying the $5 filing fee or submitting an application to proceed *in forma pauperis*. (Doc. 2.) The Order advised Esquer that, if he failed to cure the deficiency within the 30-day time period, the Court could dismiss this proceeding without further notice. (*Id.* at 1.) The Court also sent Esquer the forms for submitting an application under § 1915. (*Id.* at 2.)

1

On July 25, 2019, Esquer submitted the form Application to Proceed in District Court Without Prepayment of Fees or Costs. (Doc. 5.) On January 27, 2020, the Court denied Esquer leave to proceed *in forma pauperis* under § 1915. (Doc. 6.) Based on the information in his Application to Proceed (Doc. 5) and the account statement (*id.* at 3), the Court determined him to pay the full $5 or show cause why he should be relieved of the obligation to make the payment within 30 days of entry of the Order. (Doc. 6 at 2.) The Court also notified Esquer that, if he did not pay the $5 or show cause within 30 days, the case could be dismissed without further notice. (*Id.* at 1.)

More than 30 days elapsed after entry of the January 27, 2020 Order, and Esquer did not pay the $5 fee, show cause why he should be relieved of the obligation to make the payment, or otherwise respond to the Order. New Mexico Department of Corrections records also indicate that Esquer is no longer in the custody of the Department of Corrections.

Sections 1914 and 1915(a) require that a petitioner either pay the $5 habeas corpus filing fee or obtain leave to proceed *in forma pauperis.* Esquer's 6-month inmate account statement shows that he had an account balance more than sufficient to pay the $5 fee but spends his money on commissary purchases. (Docs. 5 at 3; 6). *See also Shabazz v. Parsons*, 127 F.3d 1246, 1248-49 (10th Cir. 1997). When a prisoner has the means to pay an initial filing fee and instead spends his money on amenities at the prison canteen or commissary, he should not be excused for failing to pay the filing fee. *Baker v. Suthers*, 9 F. App'x 947. 949 (10th Cir. 2001). Esquer has not paid the $5 fee or shown cause why he should be relieved of the obligation to pay, nor has he communicated with the Court since 2020..

The Court's January 27, 2020 Order directed Esquer to make the required payment under §§ 1914 and 1915(a) or show cause why the payment should be excused. (Doc. 6.) Esquer has

failed to make the $5 payment and to comply with the Court's Order. The Court may dismiss an action under Rule 41(b) for failure to prosecute or to comply with statutes, the rules of civil procedure, or court orders. *See Olsen v. Mapes*, 333 F.3d 1199, 1204, n.3 (10th Cir. 2003). The Court will dismiss this case for Esquer's failure to comply with 28 U.S.C. §§ 1914 and 1915, failure to comply with the Court's January 27, 2020 Order, and failure to prosecute this proceeding.[1]

**IT IS ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (Doc. 1) is **DISMISSED** without prejudice under Rule 41(b) for failure to comply with 28 U.S.C. §§ 1914 and 1915, failure to comply with the Court's January 27, 2020 Order, and failure to prosecute this case.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE

---

[1] The Court notes that if, as it appears, Esquer is no longer in the custody of the Department of Corrections, then this case would also be subject to dismissal as moot. *Spencer v. Kemna*, 523 U.S. 1, 7–8 (1998).